UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
Shreveport Division

MARY A. GILMORE                             CIVIL ACTION NO. 16-546
       VERSUS                                JUDGE
SPRINGHILL MEDICAL CENTER                    MAGISTRATE JUDGE

COMPLAINT FOR DAMAGES
WITH DEMAND FOR JURY TRIAL

Plaintiff, MARY A. GILMORE, sets forth her claims for relief as follows:

JURISDICTION

1.

Jurisdiction of this court is invoked pursuant to 42USC§2000 e-5f; 29USC623 and 28 USC §1343 (A) (1), and (4).

2.

Defendant, SPRINGHILL MEDICAL CENTER, is a domestic entity domiciled in the Western District of Louisiana; and is an employer as defined in 42USC§2000e-(b), engaged in an industry affecting commerce and employing more than 15 persons. Unlawful employment practices alleged herein were committed by the agents of the Defendant in the Western District.

3.

At all relevant times herein, Plaintiff, MARY A. GILMORE, was employed by Defendant as a Charge Registered Nurse, in Springhill, Louisiana on a split shift of 36 or 48 hours each week.

4.

Plaintiff is a Black female over the age of 40; and at all times relevant herein, was

1

one of only two Black registered nurses at SPRINGHILL MEDICAL CENTER.

5.

During her 3 year tenure at the hospital, Plaintiff was aware that white personnel were treated more favorably than Black personnel.

6.

On or about November 5, 2013, Plaintiff was suspended from work while she was investigated for a patient fall that occurred on her shift.

7.

When Plaintiff returned to work November 13, 2013, she was called to the personnel office, presented with a disciplinary report, and told by Ashley Ortego, director of Human Resources, that "upon completion of investigation, we decided to terminate you."

8.

The disciplinary report described several instances of wrongdoing that supposedly occurred over the prior year and a half, most of which were never brought to Plaintiff's attention until a few days before her termination. When Plaintiff asked to see her personnel file, she was denied.

9.

Plaintiff was accused of policy violations due to 3 patient falls, whereas there were 59 falls during the same period, but she was the only nurse fired.

10.

Plaintiff shows that due to three lawsuits filed against the hospital, she was selected as the scapegoat.

11.

Plaintiff avers that she had received good performance ratings throughout her employment, including a final one on September 23, 2014, 6 weeks before her termination, which did not address any deficiencies. In addition, Plaintiff received citation for Employee of the Month for November, 2013, one year before of her termination

12.

Plaintiff shows that several weeks prior to her suspension, she was told she was not the person to be in charge. Shortly afterwards, three weeks before her suspension, she saw a job posting for a nursing position and asked Ahsley Ortega who was resigning, and was told the posting was a "mistake".

13.

Plaintiff was aware of the high turnover for Black nurses at the hospital, and realizing that the new posting was for her position made her uneasy; and she began having sleep disorders and went into post traumatic Stress Syndrome crisis, and sought medical treatment.

14.

Plaintiff shows that the hospital director, Vincent R. Sedminik, decided to fire her and asked the director of nursing to create a paper trail to support his decision. After her

termination, when she asked for her job back, he told her he was going with an "all white administrative staff".

15.

Plaintiff shows that during the prior year before her termination, she reported infractions of several nurses on staff, who were never disciplined. They continued to work even when the Louisiana Board of Nursing suspended their licenses.

16.

After Plaintiff was terminated, she was replaced by a younger, white female .

17.

To support the dismissal, the director of nursing had employees to write false reports concerning Plaintiff's work activities.

18.

Defendant has followed policies and practices to discriminate against Plaintiff because of her race and age; and in retaliation for her complaints to the Louisiana Board of Nursing for violations of licensing standards, all in violation of Title VII and ADEA.

19.

On March 4, 2015, Plaintiff filed a charge with the Equal Employment Opportunity Commission (EEOC), alleging discrimination because of her race, age, and retaliation.

20.

EEOC notified Plaintiff by letter dated January 27, 2016 that she was entitled to

initiate a civil action in the United States District Court as provided in 42 USC§2000 e-5 (e) and (f).  (Attachment A)

21.

Plaintiff has suffered lost wages and mental anguish and continues to suffer irreparable harm by reason of the illegal practices of Defendant.

22.

As a result of the unlawful acts of Defendant, Plaintiff has suffered damages and seeks lost wages and lost benefits with interest; liquidated damages equal to the amount of wages and benefits lost plus interest; reasonable attorney fees; and all costs of prosecution of this claim.

23.

Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff prays that this court:

A) Order Defendant by mandatory injunction to enjoin from engaging in the above unlawful employment practices and take such affirmative actions as are necessary to assure that the effects of said violations are eliminated;

B) Order Defendant to compensate Plaintiff with back pay and compensatory and liquidated damages with interest from the date of demand for the losses she sustained by reason of its violations;

C) Order Defendant to pay Plaintiff's costs in this action, including reasonable attorney fees with interest from the date of demand; and

(D)    Order all general and equitable relief as the Court deems necessary or proper.

/S/DIANNE HILL
DIANNE HILL (14992)
ATTORNEY AT LAW
1401 HUDSON LANE STE 137
MONROE, LA 71201
(318) 325-6398

Service:
    SPRINGHILL MEDICAL CENTER
    Through its agent for service
    Vincent R. Sedminik, Administrator and CEO
    2001 Doctors Drive
    Springhill, LA 71075